**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **STATE OF INDIANA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:22-cv-0192** |
| ) | |
| **JOSEPH R. BIDEN, JR., et al.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**JOINT MOTION TO HOLD DEFENDANTS' ANSWER DATE IN ABEYANCE**
**TO ALLOW THE PARTIES TIME TO CONDUCT JURISDICTIONAL DISCOVERY**

The parties jointly submit this motion requesting that Defendants' deadline to answer or otherwise respond to the Amended Complaint, currently set for September 23, 2022, be stayed and held in abeyance to allow the parties time to conduct jurisdictional discovery.

By way of background, Plaintiff is challenging Defendants' Parole + ATD policy, originally issued in November 2021 and updated in July 2022. *See* Amended Complaint, ECF No. 19. Defendants plan to make a factual jurisdictional attack under Fed. R. Civ. P. 12(b)(1) on the Amended Complaint, whose allegations regarding Article III standing are speculative absent further evidentiary development. Accordingly, the parties respectfully request that the Court enter an order permitting the parties 90 days to conduct limited discovery to ascertain the Court's subject matter jurisdiction before the Court and parties invest substantial resources into adjudicating this matter on the merits. Fully and factually resolving this jurisdictional issue now, as opposed to merely determining whether it has been adequately pleaded, will maximize efficient use of the Court's and parties' resources, sparing the need for this determination later upon summary

judgment or trial, and potentially resolving the case at the threshold without further investment of resources if jurisdiction is lacking.

"[A]s the Supreme Court has long instructed, federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). When evaluating jurisdiction, courts distinguish between "facial" and "factual" attacks under Rule 12(b)(1). *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Under a facial attack, "the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id*. (internal citations omitted). With a factual attack, however, Defendants contend that "there is *in fact* no subject matter jurisdiction" and thus "the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id*. (emphasis in original).

Good cause exists to permit limited jurisdictional discovery in this case before Defendants answer or move to dismiss the Amended Complaint, and Plaintiff consents to engage in such limited, reciprocal discovery. Therefore, because Defendants anticipate making a factual jurisdictional attack under Fed. R. Civ. P. 12(b)(1) on the Amended Complaint, jurisdictional discovery is warranted.  Therefore, the parties request that the Court enter the following schedule:

- The parties shall have 90 days from the date of this Court's order to engage in limited jurisdictional discovery concerning Plaintiff's Article III standing to pursue this lawsuit.

- Any deadline to answer or otherwise file a responsive pleading is stayed.

- The parties shall file a joint status report seven days after the close of this limited discovery period addressing how to proceed, including a proposed schedule for the briefing of any motions to dismiss that may be filed by Defendants.

- If additional time is required to complete jurisdictional discovery, the parties will first meet and confer on the issue.  If the parties agree that additional time is needed, they will file a joint motion for an extension of time prior to the end of the jurisdictional discovery period. If the parties cannot agree on whether additional time is  necessary, the parties may seek the Court's leave.

Date:  September 16, 2022

CLIFFORD D. JOHNSON
*United States Attorney*

WAYNE T. AULT
*Assistant United States Attorney*
Northern District of Indiana

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Erin T. Ryan*
ERIN T. RYAN
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-5802
Erin.t.ryan@usdoj.gov

*Counsel for Defendants*

Theodore E. Rokita, #18857-49
Indiana Attorney General

By:   s/ *Betsy M. DeNardi*
Betsy M. DeNardi, 23856-71
Director of Complex Litigation

*Counsel for Plaintiff*