UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **STATE OF INDIANA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:22-cv-0192 |
| | ) |
| **JOSEPH R. BIDEN, JR., et al.,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**JOINT MOTION FOR A STAY**

In this lawsuit, Plaintiff, the State of Indiana, challenges Defendants' Parole + ATD policy and an alleged non-detention policy. The claims Plaintiff asserts in this case, and the legal issues implicated, are indistinguishable to those being litigated in *Florida v. United States*, 21-CV-1066, in the Northern District of Florida. *Florida* proceeded to trial in January 2023 and a decision was issued on March 8, 2023, vacating and remanding the Parole + ATD policy and finding the alleged non-detention policy was not subject to judicial review. *Florida v. United States*, 2023 WL 2399883 (N.D. Fla. Mar. 8, 2023). As any further proceedings and decisions in *Florida* will directly impact this case, the parties jointly request the Court stay this matter pending the conclusion of proceedings in *Florida v. United States*.

Where there are multiple cases presenting substantially similar legal matters, the Court has discretion to stay one of the matters. Parties to the two causes need not be the same and issues need not be identical to empower the Court to stay a matter pending proceedings in another. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); *see also West Virginia v. Department of Homeland Security*, 21-CV-0022, ECF No. 31 (N.D. W. Va., March 14,

2022) (holding that the Court's inherent discretion and the continued applicability of *Landis* permitted the Court to stay the matter pending an appeal in a matter with "different parties but shared legal questions."). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.; see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Here, both parties agree that there is good cause for a stay to preserve the resources of the Court and the parties, including allowing them to avoid threshold jurisdictional discovery and resolving legal questions that might soon be resolved by the Eleventh Circuit. Further, this case does not currently present a live issue because the relief Plaintiff seeks—vacating the Parole + ATD policy—has already been granted and the policy was vacated on March 16, 2023.

Therefore, in the interest of conserving judicial resources, the parties respectfully request a stay of this matter pending the conclusion of proceedings in *Florida v. United States* on the same legal questions at issue in this case.

Date:  March 28, 2023                      Respectfully submitted,

CLIFFORD D. JOHNSON                        BRIAN M. BOYNTON
*United States Attorney*                   *Principal Deputy Assistant Attorney General*

WAYNE T. AULT                              WILLIAM C. PEACHEY
*Assistant United States Attorney*         *Director*
Northern District of Indiana               Office of Immigration Litigation
                                           District Court Section

                                           EREZ REUVENI
                                           *Assistant Director*

                                           /s/ *Erin T. Ryan*
                                           ERIN T. RYAN
                                           *Trial Attorney*

        U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-5802
Erin.t.ryan@usdoj.gov

*Counsel for Defendants*


        Theodore E. Rokita, #18857-49
Indiana Attorney General

By:    *s/ Betsy M. DeNardi*
Betsy M. DeNardi, 23856-71
Director of Complex Litigation

*Counsel for Plaintiff*

3